**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Robichaux,<br><br>                Plaintiff,<br><br>v.<br><br>Fidelity National Insurance Company, a California corporation; John Stauffer and Jane Doe Stauffer, husband and wife; Derek Nordquist and Jane Doe Nordquist, husband and wife, et al.,<br><br>                Defendants. | No. CV-12-02464-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Remand. (Doc. 6.) For the reasons discussed below, Plaintiff's motion is granted.[1]

**BACKGROUND**

On October 5, 2012, Plaintiff Brian Robichaux filed his Complaint against Defendants in the Maricopa County Superior Court based on an insurance claim for property damage. (Doc. 1, Ex. A.) Plaintiff alleges that after he submitted an insurance claim to Defendant Fidelity National Insurance Company ("Fidelity"), Fidelity assigned Defendants John Stauffer and Derek Nordquist to inspect the property and adjust the

---

[1] Defendants did not file a response to Plaintiff's Motion to Remand. They have failed to adhere to the local rules, and "such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). It is therefore proper to remand this action on the basis of Defendants' failure to respond alone. *See Ghazali v. Moran,* 46 F.3d 52, 53-54 (9th Cir. 1995).

claim. (*Id.*, ¶¶ 14, 15.) Stauffer and Nordquist allegedly undervalued the claim resulting in Fidelity not paying all benefits due under the policy to Plaintiff. (*Id.*, ¶¶ 16, 17.) The Complaint asserts claims of (1) breach of contract, (2) breach of the duty of good faith and fair dealing, (3) aiding and abetting, (4) vicarious liability, and (5) waiver and anticipatory breach. (*Id.* at 4-6.) Plaintiff requests compensatory, consequential, and punitive damages as well as attorneys' fees. (*Id.* at 6-7.) Plaintiff simultaneously filed a Certificate of Compulsory Arbitration certifying that the amount in controversy exceeds the jurisdictional limit of $50,000 and is not subject to mandatory arbitration. (Doc. 1, Ex. C.)

Plaintiff served the Complaint on Fidelity on October 11, 2012. (Doc. 6, Ex. A.) On November 15, 2012, Defendants filed a Notice of Removal invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as the basis for removal. (Doc. 1.) On December 14, 2012, Plaintiff filed this Motion to Remand arguing that (1) Defendants' Notice of Removal was not timely filed and (2) Defendants have not met their burden to establish that the Court has diversity jurisdiction. (Doc. 6 at 1.) Defendants did not file a response to the Plaintiff's Motion.

## DISCUSSION

**I.  LEGAL STANDARD**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A party may remove an action from state court only if the action could have been brought in the district court originally. *Ramirez v. Fox Television Station, Inc.,* 998 F.2d 743, 747 (9th Cir. 1993). The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removal statute is strictly construed against removal jurisdiction. *Id.* (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). There is a "strong

presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

## II. UNTIMELINESS OF REMOVAL

Plaintiff contends that Defendants' removal was untimely and thus the case should be remanded to state court. (Doc. 6 at 3.) A notice of removal must be filed "within thirty days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading . . . or within thirty days after the service of summons." 28 U.S .C. § 1446(b). "If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007) (citing *Eyak Native Village v. Exxon*, F.3d 773, 783 (9th Cir. 1994)). Fidelity was served with Plaintiff's Complaint on October 11, 2012. (Doc. 6, Ex. A.) Timely notice of removal would have been filed no later than November 10, 2012. Fidelity filed its Notice on November 15, 2012 and was untimely. (Doc. 1.) Thus Plaintiff's Complaint is remanded.

## III. SUBJECT MATTER JURISDICTION

Plaintiff further argues that the case must be remanded for lack of subject matter jurisdiction. Defendants attempted to remove this action based on diversity jurisdiction. (Doc. 1, ¶ 8.) The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

Plaintiff contends that Defendants have not met their burden of establishing that there is complete diversity between the parties. (Doc. 6 at 5-6.) "Diversity jurisdiction requires . . . [that] each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). "[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Defendants claim that Defendants John Stauffer and Derek Nordquist are residents

of Missouri and Nebraska, respectively. (Doc. 1, ¶¶ 5, 6.) They base their assertion on "information and belief" rather than affirmatively alleging the citizenship of either Stauffer or Nordquist. (*Id.*) This Court has held that federal jurisdiction "may not be [pled] on information and belief." *Lieberman & Assocs. v. GVSW Surprise Plaza LLC*, CV 09–705–PHX–JAT, 2009 WL 1476996, at *1 (D. Ariz. May 26, 2009) (internal citation omitted). Defendants have not sufficiently alleged that Stauffer and Nordquist are residents of states other than Plaintiff's state of Arizona. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). Therefore, Defendants fail to establish complete diversity.

## CONCLUSION

Defendants untimely filed their Notice of Removal and have failed to carry their burden to prove that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Further, Defendants did not respond to Plaintiff's Motion to Remand and will be deemed to consent to granting the Motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 6) is granted. The Clerk of Court is directed to remand this action back to the Maricopa County Superior Court.

Dated this 29th day of January, 2013.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge